IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 20, 2016

**DOROTHY DENISE CROSS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 105657      Bob R. McGee, Judge**

---

**No. E2016-00104-CCA-R3-PC – Filed October 19, 2016**

---

The petitioner, Dorothy Denise Cross, appeals the Knox County Criminal Court's summary dismissal of her petition for post-conviction relief. The State concedes that the post-conviction court erred in summarily dismissing the petition. Following our review, we reverse the judgment of the post-conviction court and remand for an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded for Evidentiary Hearing**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Dorothy Denise Cross.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Charme P. Allen, District Attorney General; and Nathaniel R. Ogle, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The petitioner was convicted of four counts of misdemeanor assault, which the trial court merged into a single count and sentenced the petitioner to eleven months, twenty-nine days on supervised probation. This court affirmed the petitioner's conviction and sentence on direct appeal. State v. Dorothy Denise Cross, No. E2013-02133-CCA-R3-CD, 2014 WL 4748337, at *1 (Tenn. Crim. App. Sept. 25, 2014).

On June 15, 2015, the petitioner filed a *pro se* petition for post-conviction relief, alleging various claims of ineffective assistance of trial counsel. Following the appointment of counsel, two amended petitions were filed. In her second amended petition filed on November 13, 2015, the petitioner alleged that trial counsel was ineffective for not seeking a continuance due to the petitioner's mental state at the time of trial. The petitioner claimed that her "distressed mental and emotional state likely influenced the jury's perception of her credibility in a way detrimental to her defense" and that if trial counsel had sought and obtained a continuance, she would have received a more favorable outcome.

The post-conviction court summarily dismissed the petition on December 16, 2015,[1] finding:

> [T]here's no allegation that [the petitioner's] behavior was in any way so grossly distorted that the attorney should have noticed something was wrong with her . . . . There's no evidence that . . . the attorney knew that she was in any stress or that he should have known that she was in distress, or that a continuance would have been granted had he sought one.

Thereafter, the petitioner filed a timely appeal to this court.

## ANALYSIS

The petitioner argues that the post-conviction court erred in summarily dismissing her petition because trial counsel was ineffective for not seeking a continuance of the trial to allow the petitioner to be "less mentally and emotionally distressed" so that she "would have been better able to calmly communicate her recollection of the events to the jury, at a later date when she was not as distressed." The State concedes that the court erred in summarily dismissing the petition for post-conviction relief. We review the post-conviction court's dismissal of the petition, as an issue of law, *de novo* on the record without a presumption of correctness. See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002).

Section 40-30-106 of the Post-Conviction Procedure Act provides in pertinent part:

> (d) The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has

---

[1] After the petitioner filed her second amended petition, the State filed a motion to dismiss the petition, which the post-conviction court dismissed after hearing arguments of counsel.

been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed *pro se*, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

(e) If a petition amended in accordance with subsection (d) is incomplete, the court shall determine whether the petitioner is indigent and in need of counsel. The court may appoint counsel and enter a preliminary order if necessary to secure the filing of a complete petition. Counsel may file an amended petition within thirty (30) days of appointment.

(f) Upon receipt of a petition in proper form, or upon receipt of an amended petition, the court shall examine the allegations of fact in the petition. If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed. The order of dismissal shall set forth the court's conclusions of law.

Tenn. Code Ann. § 40-30-106(d)-(f). A petition presents a "colorable claim," sufficient to withstand summary dismissal, when the facts alleged, "'taken as true'" and "'in the light most favorable to [the] petitioner'" would entitle the petitioner to relief under the Post-Conviction Procedure Act. Arnold v. State, 143 S.W.3d 784, 786 (Tenn. 2004) (quoting Tenn. Sup. Ct. R. 28, § 2(H)).

In her second amended petition, the petitioner asserted that she was denied the effective assistance of counsel because "had trial counsel sought and obtained a continuance for the [p]etitioner to recover mentally and emotionally before proceeding to trial, there is a material likelihood that her testimony would have been perceived more credibl[e] by the jury and that she would have received a more favorable outcome." In the light most favorable to the petitioner, the allegations in her petition state a colorable claim for post-conviction relief. Therefore, the post-conviction court erred in summarily dismissing the petition.

## CONCLUSION

Based upon the foregoing, we reverse the judgment of the post-conviction court

and remand the case for an evidentiary hearing.

_____
ALAN E. GLENN, JUDGE